UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURVIN STEVENSON,

    Plaintiff,

v

MICHIGAN DEPARTMENT OF CORRECTIONS,
*et al*.,

    Defendants.
_____/

Case No. 1:04-cv-353

Hon. Wendell A. Miles

ORDER ON PLAINTIFF'S "REQUEST FOR CORRECTION
OF RECORD AND JUDGMENT BY ORDER"

    This was a § 1983 civil rights action brought *pro se* by Michigan prisoner Burvin Stevenson. Plaintiff originally filed the action in the Eastern District of Michigan on May 18, 2004 and paid the filing fee. That court transferred the action here. On June 25, 2004, the court dismissed the action pursuant to 42 U.S.C. § 1997e(c) because plaintiff had sued defendants who are immune from suit. In both its Opinion and Judgment, the court indicated that the dismissal was one "described by 28 U.S.C. § 1915(g)." Plaintiff did not seek reconsideration or further review in the United States Court of Appeals.

    The matter is currently before the court on a motion filed by plaintiff bearing the following title: "Request for Correction of Record and Judgment by Order" (docket no. 14). For the reasons to follow, the court **DENIES** the motion.

**Discussion**

In his motion, plaintiff concedes that the case "was rightly dismissed[.]" However, he argues that the court erred in ruling that this dismissal came under the provision of 28 U.S.C. § 1915(g)'s "three-strikes" rule. Plaintiff seemingly contends that the court should not have cited section 1915(g) in its dismissal because the "three-strikes" rule does not apply in a future action where the prisoner has paid the filing fee in a prior action.

Before the court can consider addressing the merits of plaintiff's position regarding section 1915(g), the court must first determine whether plaintiff's request for relief is even properly before the court. Plaintiff expressly seeks relief under Fed.R.Civ.P. 60(a) and (b). Subsections (a) and (b) of Rule 60 provide in pertinent part as follows:

> **(a)** **Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . .
>
> **(b)** **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>>
>> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

      **(3)**    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

      **(4)**    the judgment is void;

      **(5)**    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      **(6)**    any other reason that justifies relief.

In addition, paragraph (c) of Rule 60 limits the time in which a party may file a motion under paragraph (b), expressly providing that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[1]

      To the extent that plaintiff relies on Rule 60(a) in support of his request, he is not entitled to the relief he seeks. The court's reference to section 1915(g) in its Opinion and Judgment was not a product of "clerical mistake or a mistake arising from oversight or omission" as required by Rule 60(a).

      Section 1915(g), known as the "three strikes" provision, prohibits a prisoner from initiating a civil action or appealing a judgment in a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

---

[1] Rule 60 was amended effective December 1, 2007. Amendments to the language of Rule 60 were intended to be stylistic only. Fed.R.Civ.P. 60 advisory' committee's note. The court therefore cites the rule as amended, even though this action was dismissed long before the amendments took effect.

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]  Although plaintiff argues that the statute does not apply because he paid the filing fee in this case, the dismissal of any action filed by a prisoner based on the grounds specified in section 1915(g) – whether or not the prisoner has paid the filing fee in that action – counts toward the three strikes for purposes of future litigation in which a prisoner seeks to proceed *in forma pauperis*.  To the extent that plaintiff contends to the contrary, he has cited to no authority for his position – and it is clear that there is none.

Although section 1915 is titled "Proceedings in forma pauperis," "[t]he language of § 1915(g) broadly refers to actions dismissed on 'prior occasions.'" Wilson v. Yaklich, 148 F.3d 596, 603 (6th Cir. 1998).  Nothing in the plain language of the statute requires the prior actions to have been filed *in forma pauperis*.  This court's reference to section 1915(g) in its Opinion and Judgment is no reference to plaintiff's fee status in this action; it is merely a reference to the fact

---

[2]Title 28 U.S.C. §1915(g) provides in full as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As part of the Prison Litigation Reform Act ("PLRA"), this provision became effective on April 26, 1996.  Wilson v. Yaklich, 148 F.3d 596, 602 (6th Cir.1998).

that the dismissal is on grounds sufficient to count toward the three-strikes rule in the event that plaintiff attempts to file future civil actions or appeals *in forma pauperis*. Thus, there was no "mistake" – clerical or otherwise – in the court's Opinion or Judgment, nor was there any oversight or omission which would warrant the court's exercise of its discretion to grant plaintiff relief under Fed.R.Civ.P. 60(a).[3]

To the extent that plaintiff relies on Fed.R.Civ.P. 60(b) in support of his request, he is likewise not entitled to the relief he seeks, for his motion is untimely. Rule 60(c) clearly provides that a motion under Rule 60(b) "must be made within a reasonable time," and for reasons (1), (2), and (3) of the latter rule, "no more than a year after entry of the judgment or order or the date of the proceeding." The court has no discretion to extend the one-year time period applicable to motions filed under Rule 60(b).[4] Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 -1333 (6th Cir. 1985). Therefore, to the extent that plaintiff seeks relief under subdivisions (1), (2), or (3) of Rule 60(b), his motion is untimely, insofar as this case was concluded well in excess of one year before plaintiff filed his request.

In addition, to the extent that plaintiff seeks relief under the remaining subparagraphs of Rule 60(b), the court cannot grant his request. Rule 60(b)(5) does not apply here, as the court's

---

[3]Although the court did refer to section 1915(a)(3) and (b)(1), this was done only in the event that plaintiff sought leave to appeal *in forma pauperis*. Because plaintiff himself filed a Certificate of Prisoner Institutional/Trust Fund Account Activity (docket no. 10) and expressly invoked 28 U.S.C. § 1915 in his unsuccessful motions for appointment of counsel (docket nos. 2 and 8), the court had reason to believe that plaintiff would seek *in forma pauperis* status in the event of an appeal.

[4]Fed.R.Civ.P. 6(b)(2) prohibits the court from extending the time for taking any action under 60(b), except to the extent and allowed under the latter rule.

Judgment places plaintiff under no continuing duty, and there has been no other development of the kind contemplated by that subsection. Moreover, any request for relief under Rule 60(b)(4) or (6) is untimely. The Sixth Circuit has held that a motion filed pursuant to Rule 60(b)(4) and (6) is untimely "where more than three years have passed between the time the motion was filed and judgment was entered." Blachy v. Butcher, No. 03-2079, 129 Fed.Appx. 173, 179, 2005 WL 843905, *5 (6th Cir. April 12, 2005). Here, plaintiff did not file his motion until approximately three and one-half years after the court entered its Judgment. His request is therefore clearly time-barred.

Even if plaintiff had filed a timely motion under the catchall provision of contained in Rule 60(b)(6) permitting the court to grant the motion for "any other reason that justifies relief," the court would deny plaintiff relief on the merits. The Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). Claims of legal error fall under the category of "mistake" under Rule 60(b)(1) and are thus not cognizable under Rule 60(b)(6) absent exceptional circumstances. Id.

In any event, as noted above, the court has committed no legal error. Section 1915(g) will only come into play if plaintiff attempts to proceed *in forma pauperis* in actions filed after the dismissal of this one. Moreover, if plaintiff has the resources to pay filing fees, his future actions will not be subject to the "three-strikes rule," for 28 U.S.C. § 1915(g) will apply only if plaintiff seeks to proceed *in forma pauperis* in those future actions. Finally, even if plaintiff has three strikes within the meaning of the statute, he is not precluded from bringing an action and

6

proceeding *in forma pauperis*, provided he falls within the statutory exception that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[5]

### Conclusion

**Motion denied.**

So ordered this 5th day of May, 2008.

    /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[5]Court records indicates that plaintiff Stevenson is listed as the named plaintiff in six actions filed in this district after the dismissal of this action. Of these six, all are "closed" actions with the exception of one, Stevenson v. Pramstaller, No. 2:08cv79, which – it is further noted – involves medical treatment issues overlapping with if not identical to those issues which plaintiff sought to raise in this action filed approximately four years earlier. In addition, it is also noted that another action listed as "closed" in this district, Stevenson v. Pramstaller, No. 2:07cv184, was in fact transferred to the Eastern District of Michigan, where it remains pending. That action also presents similar if not identical issues pertaining to plaintiff's medical care.